UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-20321-CIV-LENARD/GARBER

R.L. and S.L., individually and on behalf
of O.L., a minor,

    Plaintiffs,

v.

MIAMI-DADE COUNTY SCHOOL BOARD

    Defendant.
_____/

**ORDER**

THIS CAUSE is before the Court by Order of Reference of U.S. District Judge Joan A. Lenard.  Judge Lenard's June 3, 2010 Order Clarifying Order of Referral set forth that this Court would conduct an evidentiary hearing to address the remaining issue of "compensatory damages and attorney's fees" claims, (DE 111 at 1), as detailed more fully in Magistrate Judge Torres's Report and Recommendation (DE 43 at 31-32 and 62).[1]  After setting and continuing the hearing three times, the Court held a status conference to address the material issues to be considered at the evidentiary hearing.  As a result of that conference, the Court ordered each party to submit a memorandum supporting that party's position regarding the material issues each intended to present at the evidentiary hearing.  Having received and considered the plaintiffs' Memorandum of Outstanding Issues [DE 135] and the defendant's Memorandum of Law on Compensatory Damages and Fees [DE 136], and having carefully considered the record, the Court finds as follows.

---

[1] Judge Torres's Report and Recommendation was adopted by Judge Lenard in her August 12, 2008 Order.  (DE 57).

I. **Time Period at Issue**

The Report and Recommendation issued by Judge Torres concerned a review of an individualized educational program ("IEP"), dated May 22, 2006, that placed the plaintiffs' son, O.L., at Palmetto Senior High School ("PSHS"). O.L. attended PSHS for eleven days, from August 17 to September 1, 2006, at which time his parents withdrew him as it became apparent that his needs could not sufficiently be met there. After considering the entire record and the filings by the parties, Judge Torres determined that O.L.'s placement at PSHS had indeed been inappropriate and therefore remanded the issue, ordering the school board to review O.L.'s IEP and to redetermine O.L.'s placement at a more suitable institution. The IEP created on August 28, 2008 in response to the remand, assigned O.L. to the Academy for Community Education ("ACE"). The parents now claim that this too was an inappropriate placement. That issue, however, is not currently before the Court. The Court, therefore, will only consider educational expenses incurred by the parents from the time O.L. left PSHS until the time at which the school board provided that O.L. could begin attending ACE. With respect to this hearing, the plaintiffs are ordered to refrain from presenting any evidence regarding expenses incurred outside of that time frame.

II. **Allowable Reimbursements for Educational Expenses**

The parents are seeking, among other things, reimbursement for educational expenses and related services that they insist they incurred because of the defendant school board's failure to place O.L. at a school where he could receive a Free and Appropriate Public Education as defined by 20 U.S.C. § 1401(9). The school board, conversely, argues that the Individuals with Disabilities Education Act ("IDEA") authorizes reimbursement only for private school tuition. The school board's reading is overly narrow. Though the Act specifically allows for the reimbursement of "private school placement" expenses and provides a framework for such, this does not mean that

private school tuition is the only reimbursable expense. See Forest Grove Sch. Dist. v. T.A., 129 S. Ct. 2484, 2493 (2009)(finding that, because the clause allowing for private school tuition reimbursement "is phrased permissively, . . . it does not foreclose reimbursement awards in other circumstances").[2] The Act elsewhere confers broad discretion on the court by directing that a court "shall grant such relief as [it] determines is appropriate," 20 U.S.C. 1415(i)(2)(C)(iii), and therefore the private school placement reimbursement clauses are "best read as elucidative rather than exhaustive," Forest Grove, 129 S. Ct. at 2493. The Court finds that it has discretion to award reimbursement for special education and related services, as defined by the Act, that are obtained individually or that are home-based so long as the expenses incurred were in furtherance of the goals of the Act. See, e.g., T.H. v. Bd. of Educ. of Palantine Cnty. Consol. Sch. Dist., 55 F. Supp. 2d 830, 844 (N.D. Ill. 1999)(granting parents' reimbursement request for home-based special education costs). Before the Court will award reimbursement, the parents must demonstrate the reasonableness of the expenses incurred as well as that "the private education services obtained by the parents were appropriate to the child's needs." Walczak v. Fla. Union Free School Dist., 142 F.3d 119, 129 (2d Cir. 1998); see also Florence County Sch. Dist. Four v. Carter, 510 U.S. 7, 15 (1993)(finding that parents are entitled to reimbursement only if a federal court concludes both (1) that the public placement violated IDEA and (2) that the private education services obtained were proper under the Act); Sch. Comm. of the Town of Burlington, Mass. v. Dep't of Educ. of Mass., 417 U.S. 359, 369 (1985).

---

[2] The Court directs the school board's counsel to carefully reread the majority's opinion in this Supreme Court case as they have improperly cited to it in support of their contention that "the clear statutory prerequisite of enrollment in private school" must be met before a court can permit reimbursement. (DE 136 at 5).

III. **Compensatory Education**

The parents have included compensatory education as part of their claim for relief against the school board. In support of this claim, the parents assert that, once they removed O.L. from PSHS, they "provided as much educational services that they could find and afford," but despite their best efforts, the services proved inadequate. (DE 135 at 15). As set forth by the Eleventh Circuit, compensatory awards are granted to put a student in the position he would have been in but for the school board's violation of IDEA. Draper v. Atlanta Indep. Sch. Sys., 518 F.3d 1275, 1289 (11th Cir. 2008). Where, however, parents unilaterally remove a student from public school and take control of the child's education themselves, it can no longer be said that the student's position is necessarily a result of the school board's IDEA violation. That is, the school board can't be held accountable for failing to provide an appropriate education where the school board offered and the parents rejected the very services that the parents claim should have been made available. Here, the school board maintains that it offered multiple private school options to the parents, all of which were rejected. (DE 136 at 12). Thus, if the school board can establish that it offered educational services to O.L. that would have provided him with at least "the basic floor of opportunity," Draper, 518 at 1289 (internal quotations omitted), then it can't be held accountable for the parents' failure to take advantage of those services. On the other hand, if the school board can't establish this, or can't establish that other appropriate educational opportunities were reasonably available to the parents, then O.L. may indeed be entitled to compensatory education to make up for the failings of the private educational services that his parents provided to him during the relevant time period.

Thus, the parents can present evidence that establishes O.L.'s deficiencies and what level of compensatory education would remedy these deficiencies. Conversely, the school board can present evidence that would show that it offered the parents services that would have enabled O.L. to obtain

appropriate educational progress, or that such services were otherwise reasonably available to the parents. The parents should bear in mind that establishing deficiencies in O.L.'s academic progress at the end of the relevant time period will most likely negatively impact the parents' entitlement to reimbursement as discussed in section III, above. That is, the parents can't claim that their expenditures were reasonable and appropriate on the one hand, but that they resulted in such deficient educational gain that O.L. is entitled to compensatory education on the other.

IV.    **Allowable Attorney's Fees and Costs**

The Court has reviewed the file and finds that the parents were the prevailing party in the underlying Division of Administrative Hearings case (DOAH Case No. 06-3823E) and therefore are entitled to reasonable attorneys' fees and costs that are related to the claims on which they prevailed at that hearing. Thus, the parents may present evidence regarding fees as well as any costs that are taxable under 28 U.S.C. § 1920.

On the other hand, as there has been no final judgment yet entered in this case, a determination of fees with respect to the above-captioned matter is premature. Thus, both the parents' Motion for Attorneys' Fees and Costs [DE 122] and the school board's Motion for Attorney's Fees and Costs Against Plaintiffs [DE 123] are DENIED without prejudice and the parties are granted leave to refile such motions, if appropriate, once the pending issues, as detailed above, have been resolved.

V.    **Conclusion and Summary**

Based on the foregoing, it is hereby ORDERED that:

1. The evidentiary hearing regarding the plaintiffs' entitlement to reimbursement, compensatory education, and attorneys' fees and costs is hereby set for **Wednesday, December 8, 2010 at 10:00 AM.**

2. The parties' presentation of evidence shall be limited as detailed above.

3. Prior to the hearing, counsel for the parties shall meet and confer in order to stipulate to certain facts thus obviating the need for the presentation of evidence as to those facts.

4. The parents' Motion for Attorneys' Fees and Costs [DE 122] is DENIED without prejudice as being prematurely filed and may be re-filed, if appropriate, after the Court's resolution of the pending issues.

5. The school board's Motion for Attorney's Fees and Costs Against Plaintiffs [DE 123] is DENIED without prejudice as being prematurely filed and may be re-filed, if appropriate, after the Court's resolution of the pending issues.

DONE AND ORDERED in Chambers at Miami, Florida this 3rd day of November, 2010.

_____
BARRY L. GARBER
UNITED STATES MAGISTRATE JUDGE