UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-20321-CIV-LENARD/GARBER

R.L. and S.L., individually and on behalf
of O.L., a minor,

    Plaintiffs,

v.

MIAMI-DADE COUNTY SCHOOL BOARD

    Defendant.
_____/

**ORDER**

THIS CAUSE is before the Court by Order of Reference of United States District Judge Joan A. Lenard. Judge Lenard's June 3, 2010 Order set forth that this Court would conduct an evidentiary hearing to address the remaining issue of "compensatory damages and attorney's fees" claims, (DE 111 at 1), as detailed more fully in Magistrate Judge Torres's Report and Recommendation (DE 43 at 31-32 and 62).[1] That hearing has been reset for January 5, 2011. The defendant Miami-Dade County School Board has filed a Motion in Limine to Exclude Testimony of Plaintiff's Expert, Michael Fabrizio [DE 137] and the plaintiff parents have filed a response [DE 146] thereto. The Court has carefully considered the parties' filings and the record in this matter and GRANTS IN PART and DENIES IN PART the school board's motion as set forth below.

1.    **Brief Background**:

The detailed Report and Recommendation issued by Judge Torres concerned the review of

---

[1] Judge Torres's Report and Recommendation was adopted by Judge Lenard in her August 12, 2008 Order. (DE 57).

an individualized educational program ("IEP"), dated May 22, 2006, that placed the plaintiffs' son, O.L., at Palmetto Senior High School ("PSHS"). O.L. attended PSHS for eleven days, from August 17 to September 1, 2006, at which time his parents withdrew him as it became apparent that his needs could not sufficiently be met there. In November 2006 an administrative hearing was conducted regarding O.L.'s IEP and whether its implementation afforded O.L. a free and appropriate public education. Both parties sought review of the administrative law judge's final order. After considering the entire record and the filings by the parties, Judge Torres determined that O.L.'s placement at PSHS had indeed been inappropriate and therefore remanded the issue, ordering the school board to review O.L.'s IEP and to redetermine O.L.'s placement at a suitable institution.

Additionally, per the parties' agreement, Judge Torres did not decide the issues of damages or attorneys fees but postponed those determinations until the other matters in the case had been resolved. Thus, with respect to the damages issue, and contrary to the parents' assertions, this Court will determine first, whether the plaintiffs are entitled to any damages (in the form of reimbursement of educational expenses, compensatory education, or otherwise), and if they are, then in what amount. To support their claim for a compensatory education award and to quantify the extent of O.L.'s entitlement to such an award, the plaintiffs intend to rely, at least in part, on the testimony and report of their expert witness, Michael Fabrizio. The school board has objected to Mr. Fabrizio's report as well as any testimony that Mr. Fabrizio may offer based on that report, arguing that the evidence presented does not comport with the standards set forth in Daubert v. Merrel Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993), or the Federal Rules of Evidence.[2]

---

[2] The plaintiffs' claim that the school board's motion is not properly before the Court because it is untimely, fails. The school board's motion is not, as the plaintiffs claim, a dispositive motion and therefore has not violated any timeline set forth by the Court.

2. **<u>Relevancy</u>**:

In addition to being reliable, as an initial matter, expert testimony must also be relevant in order to be admissible. E.g. <u>Rink v. Cheminova, Inc.</u>, 400 F.3d 1286, 1291 (11th Cir. 2005). By its terms and title, Mr. Fabrizio's report has been submitted for the purpose of quantifying the compensatory education damages that the plaintiffs allege should be awarded to O.L. Such an award will be granted where a student's progress has been negatively impacted by a school board's violation of the Individuals with Disabilities Education Act. See <u>Draper v. Atlanta Independent School System</u>, 518 F.3d 1275, 1289 (11th Cir. 2008) ("Compensatory awards should place children in the position they would have been in but for the violation."). Thus, even if the plaintiffs are able to establish that the school board's violation of the Act was the cause of O.L.'s lack of progress in certain areas, where his progress in a subject has actually outpaced the progress he was making <u>prior</u> to any violation, then a compensatory education award for those subjects would be improper–O.L. is already ahead of where he would have been. Therefore, the evidence Mr. Fabrizio has submitted for the categories in which O.L.'s progress was actually <u>better</u> after the school board's violation, is inadmissable.[3]

Furthermore, the relevant time period begins with O.L.'s attendance at PSHS. Judge Torres determined that O.L.'s placement at PSHS, beginning in August 2006, per the May 22, 2006 IEP, had been inappropriate. The evidentiary hearing to be held before this Court, therefore, is concerned with compensatory education that O.L. may be due only as a result of that improper placement. Thus

---

[3]Mr. Fabrizio states, on page 13 of his report, "The intervention [O.L.] received through the home schooling efforts undertaken by his family produced higher rates of progress for [O.L.] than the services he received from [the school board] in the areas of visual perception, letter-word identification (the decoding of text), written expression, reading comprehension, toileting, and grammatical judgment."

the evidence that Mr. Fabrizio has submitted regarding any of the school board's alleged shortcoming's prior to August 2006 is likewise not relevant and therefore inadmissable.

3. **Reliability**:

Additionally, in deciding the admissibility of expert testimony, the Court must also ensure that "(1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case." Fed. R. Evid. 702.

*Hourly Costs of Education Services*

In order to calculate the cost of the education services that Mr. Fabrizio determined that O.L. would need, Mr. Fabrizio had O.L.'s mother contact local service providers to find out what they charged. Mr. Fabrizio then listed the hourly rates, as reported to him by O.L.'s mother, for three service providers for each type of service Mr. Fabrizio claims O.L. will need. He then used the lowest reported rate in calculating how much O.L.'s compensatory education would cost for each subject. The school board complains that Mr. Fabrizio cannot competently testify as to the local costs of education services and that the data presented regarding these costs is speculative and unsubstantiated. The Court agrees. Even the plaintiffs admit that an expert from another region of the country can't be expected to know the local going rates for these kinds of services. Because this testimony is not based upon sufficient facts or data, the Court finds that the plaintiffs have not established that Mr. Fabrizio is competent to testify regarding the cost evidence contained in his report and therefore the cost evidence presented in the report is inadmissible.

*Conclusion that O.L. Requires One-on-one Tutoring*

Mr. Fabrizio determines in his report that, based on "current available data," O.L. must receive all of his compensatory education in the form of one-on-one instruction. His report, however,

does not support his conclusion. In fact, for most of the subject areas listed in Fabrizio's report, O.L.'s progress rate was actually shown to be greater for the time periods during which he was receiving instruction from the school board than the progress he made while receiving home services. In response to the school board's challenge to this testimony, the plaintiffs argue that Mr. Fabrizio's conclusion is bolstered by his finding that there were <u>instances</u> where O.L.'s progress was greater when receiving home, rather than school board, services. To conclude from these instances that O.L. can <u>only</u> attain meaningful progress under one-on-one instruction is mere conjecture and such a conclusion lacks the intellectual rigor required by <u>Daubert</u> and the Federal Rules of Evidence. This testimony regarding the necessity of one-on-one education services is therefore inadmissible–there has been no reliable principle set forth to support or explain this testimony.

*Remaining Evidence Presented in Mr. Fabrizio's Report*

With respect to the balance of Mr. Fabrizio's report, the Court has serious concerns regarding its reliability and is concerned that much of Mr. Fabrizio's testimony is overly speculative. The Court isn't convinced, for example, that Mr. Fabrizio's report has sufficiently established the reliability of the correlation between O.L.'s test scores and the compensatory education Mr. Fabrizio concludes O.L. needs based on those scores. Additionally, Mr. Fabrizio does not appear to have established the reliability of O.L.'s test scores themselves and whether they accurately reflect his progress in any particular subject. However, because the Court need not be concerned about a jury being unduly swayed by an expert whose evidence may ultimately be found to be scientifically questionable, the Court will allow the balance of Mr. Fabrizio's testimony but will later exclude or disregard it if it indeed turns out not to meet the standard of reliability established by Rule 702. See <u>U.S. v. Brown</u>, 415 F.3d 1257, 1268-69 (11th Cir. 2005)(finding that, with respect to expert testimony presented at

a bench trial, "[t]here is less need for the gatekeeper to keep the gate when the gatekeeper is keeping the gate only for himself.").

4. **Conclusion**:

Accordingly and upon due consideration, the Court hereby

ORDERS that the school board's Motion in Limine to Exclude Testimony of Plaintiffs' Expert, Michael Fabrizio [DE 137] is GRANTED in part and DENIED in part as set forth in more detail above.

DONE AND ORDERED in Chambers at Miami, Florida this 2nd day of December, 2010.

_____
BARRY L. GARBER
UNITED STATES MAGISTRATE JUDGE